**REDACTED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DOCKET #1:14-cv-13672

FEDERAL INSURANCE COMPANY,                    )
█████████████████████████████████            )
                                              )
                    Plaintiff                 )
v.                                            )
                                              )
CITIZENS BANK, N.A.                           )
                                              )
                    Defendant.                )
                                              )

### COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Federal Insurance Company, as subrogee of ███████████ ██████████████ (hereinafter "Federal Insurance") and files this Complaint against Defendant Citizens Bank, N.A. (hereinafter "Citizens Bank") and respectfully states as follows:

### PARTIES

1.      Plaintiff Federal Insurance is an insurance company, organized as a corporation and existing under the laws of laws of New Jersey, with a principal place of business located in Warren, New Jersey. Federal Insurance is a citizen of New Jersey.

2.      Defendant Citizens Bank, N.A. is a financial institution with headquarters located at One Citizens Plaza, Providence, Rhode Island with offices located in Suffolk County, Massachusetts. Citizens Bank is a citizen of Rhode Island.

- 1 -

## JURISDICTION AND VENUE

3.      Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1332(a), in

that there is complete diversity of citizenship between Federal Insurance and Citizens Bank, and

the amount in controversy exceeds $75,000, exclusive of interest cost.

4.      Venue is proper in this court under 28 U.S.C. §§ 1391(a), (b), (c) and (d).

5.      This Court has personal jurisdiction over Citizens Bank as it resides within this

District.

## FACTUAL ALLEGATIONS

6.      Federal Insurance issued a policy of insurance with policy no. 81081265 (hereinafter

"Policy") to



(hereinafter collectively referred to as          ).

7.      At all relevant times                                              was employed by

      , at Guest Street, Boston, Massachusetts office as the Director of Finance.          last known

address is located in Chelsea, Massachusetts.

8.      Between 2008 through 2013          embezzled from       approximately 202 checks

totaling $2,057,874.60, which checks were made payable to       from various payors (hereinafter

"Checks").

9.      Rather than depositing the Checks into          Bank of America account,

deposited the checks into his personal account at Citizens Bank (hereinafter "Citizens Bank

Account").

10.     Citizens Bank Account was not in any way related to ███.

11.     ███ had no authority to deposit the Checks into the Citizens Bank Account.

12.     ███ was not authorized to present the Checks for payment.

13.     ███ forged the endorsement of ██ on the Checks.

14.     Citizens Bank did not have authority to accept the Checks for deposit into the Citizens Bank Account.

15.     Citizens Bank should have known on its face that ███ did not have authority to endorse ███ signature and did not have authority to receive the monies.

16.     Citizens Bank did not conduct any reasonable inquiry or question the appropriateness of the deposits when the Checks were presented to Citizens Bank and accepted by Citizens Bank for deposit.

17.     Citizens Bank accepted the Checks for deposit into the Citizens Bank Account despite the forged and improper endorsement on the Checks.

18.     ███ deposited the Checks into the Citizens Bank Account as part of a scheme to defraud and embezzle funds from his employer, ██. All funds so deposited into the Citizens Bank Account, were not used for the benefit of ██.

19.     Upon discovery of the embezzlement, ███ presented a claim to Federal Insurance under the Policy. The Policy covered, among other things, employee theft.  Federal paid ███ $2,000,000.00 (less a deductible), which was the limit of liability of the Policy.  By virtue of said payment, Federal is subrogated to the rights of ███ Federal also received an assignment from ███ for claims related to ███ embezzlement.

## COUNT I – CONVERSION

- 3 -

20.     Plaintiff Federal Insurance incorporates herein by reference paragraphs 1 through 19 of the Complaint as if set forth herein in full.

21.     Citizens Bank intentionally or wrongfully exercised acts of ownership, control or dominion over the Checks to which it had no right of possession.

22.     Citizens Bank accepted the Checks for deposit by ████ into the Citizens Bank Account, collected the monies from the drawee bank, credited the monies to the Citizens Bank Account and refused to pay Federal Insurance the amount embezzled.

23.     Citizens Bank deprived ████ of the proceeds from the Checks.

24.     As a result, Citizens Bank is liable to Plaintiff Federal Insurance in conversion.

WHEREFORE, Plaintiff Federal Insurance Company requests that judgment enter against Defendant Citizens Bank, N.A., in the amount of $2,000,000.00, investigative costs, pre-judgment and post-judgment interest, court costs, and any other remedy that this Court deems just and proper.

## COUNT II - VIOLATION OF
## MASSACHUSETTS GENERALS LAWS CHAPTER 106 § 3-420

25.     Plaintiff Federal Insurance incorporates herein by reference paragraphs 1 through 24 of the Complaint as if set forth herein in full.

26.     Citizens Bank obtained payment from drawee bank of the Checks for ████ a person not entitled to enforce the instrument or receive payment.

27.     ████ received delivery of the Checks prior to ████ embezzlement.

28.     As a result, Citizens Bank is liable to Plaintiff Federal Insurance in conversion.

WHEREFORE, Plaintiff Federal Insurance Company requests that judgment enter against Defendant Citizens Bank, N.A., in the amount of $2,000,000.00, investigative costs, pre-judgment and post-judgment interest, court costs, and any other remedy that this Court deems just and proper.

## COUNT III - NEGLIGENCE

29.     Plaintiff Federal Insurance incorporates herein by reference paragraphs 1 through 28 of the Complaint as if set forth herein in full.

30.     Citizens Bank has a duty to act within reasonable commercial standards.

31.     By accepting the Checks, collecting payment from drawee banks and crediting Citizens Bank Account, Citizens Bank failed to adhere to reasonable commercial banking practices.

32.     Citizens Bank breached its duty of care.

33.     As a result of said negligent conduct, Citizens Bank is liable to Plaintiff Federal Insurance for all the Checks credited to the Citizens Bank Account.

WHEREFORE, Plaintiff Federal Insurance Company requests that judgment enter against Defendant Citizens Bank, N.A., in the amount of $2,000,000.00, investigative costs, pre-judgment and post-judgment interest, court costs, and any other remedy that this Court deems just and proper.

## COUNT IV – VIOLATION OF
## MASSACHUSETTS GENERAL LAWS CHAPTER 93A, § 11

34.     Plaintiff Federal Insurance incorporates herein by reference paragraphs 1 through 33 of the Complaint as if set forth herein in full.

35.     Citizens Bank is the business of trade or commerce.

36.     Citizens Bank engaged in unfair or deceptive practices in the conduct of its trade or commerce.

37.     Citizens Bank violated G.L.c. 93A, §§ 2 and 11.

38.     As a result of Citizens Bank's violation of G.L.c. 93A, §§2 and 11, Federal Insurance suffered damages.

WHEREFORE, Plaintiff Federal Insurance Company requests that judgment enter against Defendant Citizens Bank, N.A., in the amount of $2,000,000.00, double or treble damages, investigative costs, pre-judgment and post-judgment interest, court costs, attorney's fees and any other remedy that this Court deems just and proper.

## JURY DEMAND

Plaintiff Federal Insurance Company hereby demands a jury on all triable issues.

Respectfully submitted,

/s/ Marie Cheung-Truslow
Marie Cheung-Truslow, Esq. BBO # 5558658
Insurance Recovery Legal Associates, LLC
959 Concord Street, Suite 200
Framingham, MA 01701
Mcheung-truslow@irlafocus.com
(508) 988-0340

DATED:          September 22, 2014